# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**MACON JENKINS**                                                                                **PLAINTIFF**

**V.**                                                                   **CIVIL ACTION NO.: 3:20-CV-319-JMV**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*                                        **DEFENDANT**

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of a June 17, 2020, final decision of the Commissioner of the Social Security Administration (the "Commissioner") finding that the Plaintiff was not disabled. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

The administrative history of this case is satisfactorily set forth by the Commissioner in its responsive briefing. For efficiency's sake it is not repeated herein. In this case, the Plaintiff raises issues only with respect to his upper right extremity (i.e., a previous partial amputation of three fingers on his dominant right hand). With respect thereto, the Administrative Law Judge ("ALJ") assessed the following RFC: "He experiences no restrictions in handling with the right upper extremity, except he can perform no more than occasional fine or detailed work with the right

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

hand. He can perform no work requiring extensive handwriting of reports or other documents." The ALJ found Plaintiff's partial amputation of three fingers in the right hand to be a severe impairment. Tr. at 13.

Plaintiff argues the partial amputation of his three fingers as aforesaid would "cause restrictions in handling and would limit the Plaintiff in his ability to perform handling and/or fingering throughout the course of a workday." According to the Plaintiff, prejudice is established by the vocational expert testifying that there would not be a sufficient number of jobs available for someone who has less than occasional use of his dominant upper extremity or can use the dominant upper extremity only as a helper hand. Plaintiff also argues the ALJ should have ordered a consultative examination to determine the limitations that Plaintiff would have because of the prior partial amputation of his fingers, as described.

The court finds that, despite his conclusory assertion that the ALJ should have found he could use his upper extremity only as a helper hand or occasionally throughout the day, Plaintiff has cited no record evidence in support thereof, while the ALJ noted, in particular, that the record reflects no objective evidence of decreased grip or grasp. And, the Commissioner notes that the record reflects, in a January 2019 Function Report, Plaintiff reported no problems with his personal care relating to his partial right finger amputations. Tr. at 198. In his February 2019 Function Report, Plaintiff also reported no right-hand limitations, and specifically stated that he needed no assistance with shaving, caring for his hair, feeding himself, or toileting. Tr. at 217. And there is no evidence of record indicating that the status of Plaintiff's right hand has changed since his July 29, 2015, hearing decision, which assessed the same right hand use limitations. Tr. at 16, 71.

As for Plaintiff 's only other claim – that the ALJ should have ordered a consultive exam – the Commissioner correctly notes that Plaintiff's treatment records did not document the presence of

any additional hand use limitations or changes in the status of his hand injury. And it is well established that in the absence of any showing by Plaintiff that the record lacked sufficient evidence for the ALJ to make an informed decision, he has failed to identify a record development error requiring remand. *See* Pl.'s Br. at 5; *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (the duty to fully and fairly develop the administrative record requires that the ALJ reach "an informed decision based on sufficient. Where, as is the case here, the record contains sufficient evidence for the finder of fact to make an informed decision, there is no basis for an additional examination at agency expense. *See Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016).

In short, substantial evidence supports the RFC and Plaintiff has not demonstrated legal error, much less prejudicial legal error.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is supported by substantial evidence and is affirmed.

**SO ORDERED**, this the 8th day of February, 2022.

*/s/* Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**